UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

    -against-

TAJIE COLEMAN,

                                   Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

13 Cr. 596 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: MAR 1 0 2022

GEORGE B. DANIELS, United States District Judge:

    Defendant Tajie Coleman moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 62.) The Government opposes Defendant's motion. (*See* Mem. of Law of USA in Opp. to Def.'s Mo. for Compassionate Release, dated July 2, 2021 ("Gov't Opp'n."), ECF No. 66.) Defendant argues that the "underlying facts" of his case, such as his unstable family history, age when he was convicted, and the risks posed by his incarceration during the COVID-19 pandemic present "extraordinary and compelling" justification for immediate release. (Mem. of Law in Supp. of Def.'s Mo. for Compassionate Release ("Def. Mem."), ECF No. 63, at 11-15.) Defendant's motion is DENIED.

## I. BACKGROUND

Defendant is currently serving a mandatory minimum sentence of 180 months imprisonment under the Armed Career Criminal Act ("ACCA"). (Def. Mem. at 1, 3.) Defendant's projected release date is August 8, 2026. (*Id.*)

## II. LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Further, any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Circumstances relating to defendant's medical condition, age, and family circumstances qualify as "extraordinary and compelling reasons". United States Sentencing Guidelines § 1B1.13, Appl. Note 1(A)-(C). There is also a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Finally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

## III. DEFENDANT HAS NOT ESTABLISHED AN EXTRAORDINARY AND COMPELLING REASON FOR HIS RELEASE

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease"). Here, Defendant argues that his unstable family history and the risks posed by his incarceration during the COVID-19 pandemic present

"extraordinary and compelling" justification for immediate release. (Def. Mem. at 13.) Defendant also argues that he has developed a "comprehensive release plan" to ensure he will thrive upon release and that granting his release would be consistent with the 18 U.S.C §3553(a) sentencing factors. (*Id.* at 14-16.) The Government argues that the Defendant is fully vaccinated and does not have any of the medical conditions that would put him at increased risk of severe illness from COVID-19. (Gov't. Opp'n, at 10.) In addition, the Government argues that the Section 3553(a) factors and the Defendant's disciplinary history while incarcerated overwhelmingly weigh against early release. (*Id.*)

While the Court has full discretion under the First Step Act, Defendant's youth at the time of the underlying offenses and his difficult childhood trauma do not constitute extraordinary and compelling reasons for compassionate release. *See United States v Moye*, 16 CRIM. 250 (GBD), 2020 WL 6273905, at *2 (SDNY Oct. 26, 2020) (Mitigating factors such as childhood trauma and loss do not constitute an extraordinary and compelling reason for compassionate release when factors were taken into consideration at the time of sentencing). Defendant's mandatory minimum sentence of 180 months imprisonment was lawfully imposed under controlling statutory and Second Circuit authority and his difficult childhood circumstances were also taken into consideration at the time of sentencing. (Gov't. Opp'n, at 13.) However difficult and troublesome Defendant's youth was, it does not give rise to the type of "extraordinary and compelling circumstance" that warrants release.

Regarding the risks posed to the inmate population due to the COVID-19 pandemic, Defendant makes no specific allegations about his experience at USP Victorville that would lead to the conclusion that his circumstances at this facility give rise to extraordinary and compelling reasons for release. Defendant is 30 years old, fully vaccinated, and has no underlying medical

3

conditions considered by the Centers for Disease Control and Prevention to increase the likelihood of severe illness from COVID-19. (Gov't. Opp'n, at 15); *see also United States v. Mena*, No. 16 CR 850 (ER), 2021 WL 256442, at *3 (S.D.N.Y June 23, 2021) (Due to overwhelming evidence of the effectiveness of vaccines in preventing long term serious illness, access to an approved COVID-19 vaccine generally counsels against compassionate release based on the risk of COVID). Nothing in the Defendant's submission has demonstrated that personnel at USP Victorville are unable, or are taking inadequate steps, to protect him from COVID-19. Defendant has been tested numerous times for COVID-19 between July 2020 and February 2021, and all results were negative. (Gov't. Opp'n. at 15.) Defendant makes general speculative allegations about the risk associated with his conditions of confinement, stating that the Bureau of Prisons managed institutions are more susceptible to outbreak due to inmates living in close quarters with the inability to social distance. (Def. Mem. at 13.) Such statements, without more, do not demonstrate extraordinary and compelling circumstances. *See United States v Haney*, 454 F Supp 3d 316 (S.D.N.Y. 2020) (No extraordinary or compelling circumstances existed to warrant compassionate release of federal inmate—inmate was less than 65 years old and in reasonably good health, Bureau of Prisons had taken number of steps to mitigate spread.)

Even if Defendant's concerns related to the COVID-19 pandemic did qualify as extraordinary and compelling reasons to justify release, 3553(a) sentencing factors strongly counsel against the Defendant's release. Defendant has committed multiple violent felonies and pled guilty to illegally carrying a loaded firearm. (Gov't. Opp'n, at 20.) Moreover, the Government cites the Defendant's repeated disciplinary infractions while in custody, including possessing a dangerous weapon in the facility in June 2019. (*Id.* at 21.) Finally, given Defendant's history of criminal conduct, reducing his sentence would undermine the gravity of the offense and

4

the need for deterrence. *See United States v. Hawkins*, No. 16-CR-189 (JMA), 2021 WL 40206, at

*2 (E.D.N.Y. Jan. 5, 2021).

Defendant's motion, (ECF No. 62), is DENIED. The Clerk of Court is instructed to close

the motion accordingly.

Dated: March 10, 2022
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge